Leah R. Wigren
Nevada Bar Number 6862
5995 Shadow Park Drive
Reno, NV 89523
775-747-0526
Attorney for Ginger Bidegary

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 03:17-cr-33-RCJ-WGC |
|---|---|
| Plaintiff, | |
| vs. | ORDER GRANTING UNOPPOSED MOTION FOR EARLY TERMINATION OF PROBATION |
| Ginger Bidegary, | |
| Defendant. | |

    Ginger Bidegary, by counsel Leah Wigren, respectfully moves for early termination from her five year term of probation imposed September 17, 2018. This Motion is supported by the attached Points and Authorities, and Exhibit.

    Dated this 6th day of August, 2019

                                     <u>Leah R. Wigren /s/</u>
                                     Leah Wigren
                                     Counsel for Ginger Bidegary

# POINTS AND AUTHORITIES

On June 18, 2018, Ginger Bidegary pled guilty to one count of Conspiracy to Defraud the United States (IRS), in violation of 18 U.S.C. § 371. On September 17, 2018, the Court sentenced her to five years probation, including restitution in the amount of $81,813.00. Ms. Bidegary has been 100% compliant with all conditions of probation. She paid her restitution in full in December 2018. See Exhibit A.[1] Due to her compliance and low risk of re-offending, Ms. Bidegary's officer asked her to seek early termination of probation. The United States Attorney's office does not oppose this request.

18 U.S.C. § 3564, entitled, "Running of a Term of Probation," provides in part: **(c) Early Termination -**

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Fed. R. Crim. P. 32.1(c)(2) allows modification of probation without a hearing if the relief sought is favorable to the defendant, and the United States Attorney does not object after a reasonable opportunity to do so. Both of those

---

[1] The restitution payoff amount of $80,685.86 reflects payments Ginger made prior to that final payment. Additionally, the check references "Miller Law," a civil firm assisting Ginger. It issued the cashier's check from the proceeds of her divorce.

conditions are met, and the Court can terminate Ms. Bidegary's probation without objection from any party, confident that Ms. Bidegary does not pose a threat to her neighbors or anyone else.

Ginger Bidegary is 58 years old with no prior convictions - her criminal history score is zero.  <u>See</u>  Para. 50, Pre-Sentence Report.  She has worked all of her life, and currently owns a bar in Winnemucca.  Ms. Bidegary raised three successful and law-abiding sons. She is close to her children,  and very involved with her three grandkids.

This was a non-violent tax offense, and the restitution compensated the IRS and Ms. Bidegary's sister.  Additionally, this sentence met the goals of general and specific deterrence.  The community of Winnemucca was keenly aware of the charges against Ms. Bidegary, as they were featured in the small town's newspaper more than once.  Her peers saw what happens to people involved in criminal tax cases.  Specifically, Ginger is deterred from further like behavior due to the heavy toll this conviction took on her personally, professionally and financially.

Strong evidence that this first offense is out of character and will not be repeated is the advanced age at which she committed it.  The officer who conducted the pre-sentence investigation opined that Ms. Bidegary would not be here but for her former husband, who received five years in prison for this case. Given her law-abiding background and full-compliance with conditions, the

Department of Probation does not believe their resources are wisely-used in continuing to supervise Ms. Bidegary. She paid her debt by way of a felony conviction, restitution and one perfect year of supervision. Additional time on probation does not serve criminal justice goals. Ms. Bidegary's conduct on probation has shown that early termination is warranted and in the interest of justice, in accordance with 18 U.S.C. § 3564(c).

For these reasons, counsel respectfully requests that the Court terminate Ginger Bidegary's probation as successfully completed.

IT IS SO ORDERED this 6th day of December, 2019.

ROBERT C. JONES